[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-11580

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOKAVA LEONE HARRIS,
a.k.a. Jokava Harris,

Defendant-Appellant.

————————————————

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00324-JPB-JSA-1

_____

No. 24-11583

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOKAVA LEONE HARRIS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cr-00383-JPB-1

_____

Before BRANCH, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jokava Harris appeals his 100-month sentence imposed following his convictions for possession of a firearm by a felon and accessory after the fact to an assault on a federal officer. He argues

that the sentence is substantively unreasonable because the District Court failed to justify its upward variance from the advisory guidelines range of 30 to 37 months.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023). A defendant must show that "the sentence imposed by the district court lies outside the range of reasonable sentences dictated by the facts of the case and the relevant sentencing factors," not merely that a "lesser sentence would, in his opinion, be more appropriate." *United States v. Boone*, 97 F.4th 1331, 1342–43 (11th Cir. 2024) (citation and internal quotation marks omitted).

We may vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case." *Id.* at 1339. A sentencing error may occur if a district court: (1) fails to consider relevant factors; (2) gives significant weight to an improper or irrelevant factor; or (3) weighs the factors unreasonably. *Id.* at 1342.

The District Court gave a reasoned explanation for the sentence it imposed. The Court considered the parties' arguments, the presentence investigation report, Harris's sentencing memoranda, the letters and mitigation materials submitted in support of a downward variance, and Harris's allocution. The Court expressly explained its consideration of the § 3553(a) factors and which ones—particularly the nature and seriousness of the offenses, the

need for deterrence, and the need to protect the public—weighed most heavily in favor of a variance.

The Court permissibly found that Harris was not merely a passive recipient of a firearm but an active participant in a high-speed escape, during which his co-defendant fired multiple shots at a federal officer. Harris continued his flight even after the gunfire, ultimately fleeing into a residential area and later concealing the firearm used in the shooting. Law enforcement later recovered that firearm from Harris's home, along with other weapons and tools consistent with vehicle theft. As the Court emphasized, Harris's offense did not resemble a "run of the mill" accessory case. That finding was amply supported by the record.

In support of a lesser sentence, Harris emphasized his difficult upbringing, his exposure to violence, his efforts to support his family, and his potential for rehabilitation. The District Court did not ignore these arguments. To the contrary, it acknowledged Harris's traumatic history, his academic aptitude, his early success in the music industry, and the community support evidenced in the mitigation materials. The Court also recognized Harris's allocution and acceptance of responsibility. But it concluded that the aggravating circumstances—especially the seriousness of his recent conduct—outweighed the mitigating ones. That conclusion was well within the District Court's discretion. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1259 (11th Cir. 2015).

Nor does the extent of the variance render the sentence unreasonable. Harris received a 100-month sentence—63 months

above the top of the guidelines range, but "well below the statutory maximum" of 300 months. *See United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (citation omitted). That fact, while not dispositive, supports the reasonableness of the sentence. *See id.*

This is not the rare case where the sentence falls outside the range of reasonable outcomes dictated by the facts and the statutory factors. *See Boone*, 97 F.4th at 1343. Accordingly, we affirm.

**AFFIRMED.**